## DODGE v. CASEY.

May 22, 1835.

*Rule to show cause why an alias fieri facias should not be set aside.*

A *fieri facias* having issued on a judgment, a *scire facias* is not necessary to enable the plaintiff to have another execution, although more than five years have elapsed between the issuing of the *fieri facias* and *alias fieri facias*. The act of the 26th of March 1827 relates solely to the limitation of the lien of a judgment on real estate.

THIS action was originally instituted by *capias* to December term 1826.

October 8th, 1828 ; judgment was entered for the plaintiff *de bonis* : amount to be settled by attorneys.

June 3d, 1829 ; the amount of the judgment was settled at 3858 dollars 20 cents, subject to defendant's discharge under the insolvent laws.

A *fieri facias* issued on this judgment to September term 1829, and was returned *nulla bona*.

This *alias fieri facias* was issued to June term 1835, and a levy was made on the defendant's personal property.

This was a rule on the plaintiff to show cause why the *alias fieri facias* to June term 1835, should not be set aside.

*Bradford*, for the rule, contended, that no execution could issue on this judgment, five years having elapsed since the issuing of the *fieri facias* to September term 1829, and no *scire facias* having issued to revive the judgment or to demand execution ; and relied on the act of the 26th of March 1827, *Purd. Dig.* 422.

*D. P. Brown* and *Kittera, contra.*

PER CURIAM.—The act of the 26th of March 1827 relates to the limitation of the time when judgments shall be a lien on real estate : this case does not fall within any of its provisions. A *fieri facias* having been issued on this judgment, no *scire facias* is necessary to enable the plaintiff to have another execution and levy the same on

[Dodge v. Casey.]

defendant's *personal property*, although more than five years have elapsed between the issuing of the *fieri facias* and *alias fieri facias*. Rule discharged.

