## SHAW v. RICHARDS.

June 9, 1837.

*Rule to show cause why attachment should not be set aside.*

A *scire fa. post ann. et di. qua. ex. non* is not necessary under the 1st and 2d sections of the act of 16th June, 1836, relating to executions, where an execution has been once regularly issued.

The provisions of the same act relating to the issuing of attachments of execution do not extend to judgments entered before the passage of the act.

THIS action was brought to March term, 1834, and there was judgment for the plaintiff at the same term. *Fieri facias* issued to June term, 1834, returned *nulla bona.* An attachment of execution against money deposited in bank, issued to June term, 1837. Defendant obtained this rule to show cause why the attachment should not be set aside.

*Chew,* for the rule, said, that the act of 16th June, 1836, sections 1 and 2, *(Stroud's Purd. tit. Execution,)* required a revival by

[Shaw v. Richards.]

*scire facias.* 2. That the same act providing for attachments of execution, (sections 32 to 38,) did not apply to suits brought before the passage of the act. He cited 2 *Serg. & R.* 156.

*I. Norris,* contra.

PER CURIAM.—The first point of defendant's counsel is not sustainable. In *Dodge* v. *Casey,* (1 Miles 13,) it was held that a *fieri facias* having issued on a judgment, a *scire facias* was not necessary to enable the plaintiff to have another execution. And the act of June 16, 1836, prescribes no new rule; its provisions for a *sci. fa. qua ex. non,* relates entirely to cases where no execution has ever been issued. On the second point, however, we think the law is with the defendant. The provisions of the act for this process of attachment of execution are prospective, and do not relate to judgments obtained before the passage of the law. This judgment is of that kind, and the attachment must therefore be quashed.

Rule absolute.